# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

PANHANDLE OIL AND GAS INC.,

    Plaintiff,

v.

BHP BILLITON PETROLEUM (FAYETTEVILLE) LLC and BP AMERICA PRODUCTION COMPANY,

    Defendants.

Case No. 4:17CV379-BRW

## AGREED PROTECTIVE ORDER

To protect confidential information sought or used in discovery in this Case No. 4:17CV379-BRW and any appeals here from (the "Proceeding"), the Parties have jointly requested entry of this Agreed Protective Order.

IT IS AGREED BY THE PARTIES AND ORDERED AS FOLLOWS:

1. As used in this Order:

    a. The term "Party(ies)" refers to any Plaintiff, Defendant or Intervenor in this lawsuit.

    b. The term "third party(ies)" refers to persons or entities who are not parties to this lawsuit.

    c. The term "discovery material" shall include:

        i. Testimony and the record of depositions and hearing transcripts created in the Proceeding; and

        ii. Documents, electronically stored information and things produced in the Proceeding pursuant to discovery, subpoena, voluntarily or otherwise.

d. "Confidential material" shall refer to any discovery material, or any portion thereof, which contains information that any Party or third party considers in good faith to be confidential, trade secret, proprietary, or commercially sensitive.

2. Any Party or third party producing or receiving any discovery material may designate all or any portion or portions thereof as Confidential.

3. The designation of Confidential material may be made by:

a. in the case of documents and transcripts, visibly labeling the document **"CONFIDENTIAL"** in a manner as will not interfere with the legibility thereof;

b. in the case of tangible things and electronically stored information, giving notice to all Parties by letter or coversheet along with a description sufficient to identify the Confidential material (such as document identification numbers); and

c. in the case of oral testimony, including during a deposition, either (1) stating orally on the record that certain information or exhibits are Confidential or (2) sending written notice designating such information, testimony, or exhibits as Confidential within 21 days of receipt of the deposition transcript. Prior to expiration of those 21 days, or until it is otherwise designated, whichever comes first, all deposition testimony shall be deemed Confidential.

4. Any discovery material covered by such legend or notice and any discovery material with a cover page containing such legend or notice, and the information contained therein, shall be deemed Confidential material in its entirety unless the Party or third party designating the material as Confidential shall clearly indicate thereon that only a portion thereof is to be covered by the notice of confidentiality.

5. Unless and until otherwise ordered by the Court, Confidential material shall be disclosed only as follows:

   a. Confidential material and the contents thereof may be disclosed to counsel for named Parties and persons regularly employed in the office of such counsel.

   b. Confidential material and the contents thereof may be disclosed to court personnel and court reporters/stenographers taking depositions in this case.

   c. Confidential material and the contents thereof may be disclosed to Parties and officers, directors, or employees of a Party assisting in the evaluation, prosecution or defense of this Proceeding.

   d. Confidential materials and the contents thereof may be disclosed to the person or entity that wrote or received the document or gave the testimony designated as confidential;

   e. Confidential material and the contents thereof may be disclosed to non-party experts who are actively engaged in the conduct of this litigation and have actual need to see the material or know the contents thereof in connection with that engagement, provided that such persons are first given a copy of this Order and provided each first executes a written statement, a copy of which is attached hereto as Exhibit 1 and made a part hereof, that (1) the person has read and understands this Order; (2) pursuant to this Order, the person shall not use or divulge any Confidential material except as essential to the prosecution or defense of the above-captioned lawsuit, and only to persons listed in this Paragraph 5 of this Order; (3) the person understands that the unauthorized use or disclosure of the Confidential material or their contents constitutes contempt of Court; and (4)

the person consents to this Court's venue and exercise of personal jurisdiction over him or her to enforce this Order or address any violation thereof.

    f. Confidential materials and the contents thereof may be disclosed to others if the designator so agrees in writing or, for good cause shown, the Court permits.

6. Any summaries or copies of confidential materials or the contents thereof shall bear an appropriate designation as described in Paragraph 3 above and shall be subject to the terms of this Protective Order to the same extent as the information or document from which such summary or copy is made.

7. If any third party produces documents that are not designated as Confidential material, such documents shall still be considered as Confidential material under this Protective Order for 21 days from the time that each Party to this action has received such documents. If at the end of such period, any Party believes that the documents should be permanently designated as Confidential material, that Party should first notify the third-party that the documents should be so designated. If the third party declines to so designate the documents, the third party and the proposed designating Party shall confer in an effort to resolve the dispute by informal means. If they cannot reach an agreement, the Parties will follow the schedule order's procedures on discovery disputes to bring any disagreement to the Court. The Parties, in conjunction with any third party, may, by stipulation, provide for exceptions to this Protective Order for certain documents produced by any third party.

8. All Confidential material and its contents shall be used or disclosed solely for the purpose of the direct prosecution or defense of the Proceeding and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms of this Order. No Party or any director, officer, employee, agent or attorney for any Party shall use or

permit to be used any Confidential material or the contents thereof for any business or commercial purpose whatsoever of such Party or any other person, firm, or corporation.

9. Confidential material shall not be filed on the public docket. If practicable, it shall be redacted. Fed. R. Civ. Pro. 5.2. If redaction is impracticable, a party must move for permission to file under seal any Confidential material and any related motion, brief, or paper containing that material. The moving party must justify sealing with specifics and solid reasons, including an explanation about why redaction cannot be done.

10. In the event discovery material is to be filed of record or used as an exhibit during a hearing or trial, the Parties shall comply with the redaction requirements set forth in Rule 5.2 of the Federal Rules of Civil Procedure, even if the discovery material has not been designated as Confidential material.

11. If a Party intends to introduce Confidential material into evidence at a hearing or trial in this Proceeding, that Party shall give notice of that intention to the Court, opposing counsel and the producing Party or third party prior to the hearing or trial date set in this matter, and the Court may take such steps as it shall deem appropriate to preserve the confidentiality of such information. A Party may be allowed to introduce Confidential material at a hearing or trial of this matter that has not been disclosed to the Court or opposing counsel upon written agreement from the designating Party.

12. Any Party who designated discovery material as Confidential material may waive its own designation and use such discovery material in this Proceeding without seal.

13. Inadvertent, unintentional, or in camera disclosure of Confidential material shall not be deemed a waiver, in whole or in part, of any Party's claims of confidentiality or privilege.

14. Within 30 days after the settlement or entry of final judgment or order in the Proceeding from which no further appeal has been or can be taken, all Confidential material and all copies thereof shall be returned to the producing Party or third party or destroyed, and each of the Parties shall separately certify in writing under oath that each has returned to the producing Party or third party or destroyed all the Confidential material and has destroyed any materials created from information in those categories of material. Each of the Parties shall, at their own expense, have their experts return to the retaining counsel all copies of Confidential material, and destroy all materials derived from the same, certifying separately, in writing under oath, the same. Notwithstanding the other provisions of this Order, counsel for the parties may maintain a complete copy of all pleadings filed in the case, all deposition and hearing transcripts, all exhibits introduced into depositions and hearings, and all attorney work product, irrespective of whether they contain Confidential material, provided that such counsel shall not use or disclose copies of Confidential material at any time or in any manner other than as permitted by this Protective Order.

15. With respect to any discovery material that has been designated as Confidential material by a Party or third party, another Party may seek and obtain from the Court, upon an appropriate showing and full opportunity of the designator to respond and be heard, a determination that such material should not be deemed Confidential material. The parties must present any such dispute to the Court in a joint report of discovery dispute pursuant to the Final Scheduling Order. Until the Court rules on any joint report, the materials shall continue to be deemed and treated as Confidential, as designated by the producing Party or third party. Any Party may seek and obtain, on an appropriate showing, additional protection with respect to the confidentiality of discovery material.

16. This Protective Order may be modified or amended by agreement of the Parties with the approval of the Court. To the extent that the Parties fail to agree on a modification proposed by any Party or third party, nothing contained herein shall be deemed to preclude any Party or third party from asking the Court, for good cause shown, for a ruling that modifies this Protective Order in any respect. Any such dispute should be presented to the Court in a joint report of discovery dispute pursuant to the Final Scheduling Order.

17. Production of privileged or work product protected information is presumed to be inadvertent and does not waive the privilege. If information is produced that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any Party that received the information of the claim and the basis for it. After being notified, a Party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. The Parties will follow the Final Scheduling Order's procedure on resolving any dispute over whether information is privileged or protected. If the receiving Party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing Party must preserve the information until the claim is resolved. Inadvertent disclosure of privileged or work product protected documents shall not be a waiver of a claim of privilege either as to the specific material disclosed or as to related information.

18. If any person covered by this Protective Order is subpoenaed or served with a document demand in another action or proceeding and such subpoena or document demand seeks information which has been designated in the Proceeding as Confidential material, that person shall (i) give prompt written notice by email, and in no event later than 48 hours after the receipt of such subpoena or document demand, to the person or persons who produced and who

designated the Confidential material; and (ii) object to the production of such information on the ground that such information is subject to the terms of this Protective Order. The burden of opposing the enforcement of the subpoena or document demand shall fall upon the person or persons who designated the Confidential material. Unless the person or persons who produced or designated the information as Confidential material obtains an order directing that the subpoena or document demand not be complied with, and serves such order upon the person who received the subpoena or document demand, the person who received the subpoena or document demand shall be permitted to produce information in response to the subpoena or document demand on the response date for the subpoena or document demand; provided, however, that the person who received the subpoena or document demand shall not produce information in response to the subpoena or document demand before its response date.

19. This Protective Order shall expire one year following the Parties' compliance with Paragraph 13, and the Court's jurisdiction will end. Notwithstanding the expiration of this Protective Order, the parties, counsel, and signatories remain under a continuing obligation, as a matter of contract, to comply with the requirement in Paragraph 13 that they not use or disclose copies of Confidential material at any time or in any manner other than as permitted by this Protective Order.

20. This Protective Order shall operate retroactively to the inception of this action in state court. Any material produced prior to the signing of this Protective Order shall be treated as confidential upon designation as set forth above.

21. Nothing contained in this Protective Order, and no action taken pursuant to it shall prejudice the right of any Party or Non-Party to contest the alleged relevancy, admissibility, or

discoverability of the material sought. Nor shall this Protective Order prevent any Party or third party from objecting to discovery it believes to be otherwise improper.

22. The Parties have authorized their respective counsel of record to execute this Protective Order on their behalf, and the Parties and their respective counsel agree to be bound by the terms of this Protective Order.

IT IS SO ORDERED this 3rd day of November, 2017.

*WPMarshall Jr.*
The Honorable D. P. Marshall Jr.
UNITED STATES DISTRICT JUDGE

Approved by:

By: s/ M. Edward Morgan
M. Edward Morgan, Bar No. 82113
Morgan Law Firm, P.A.
148 Court Street
Clinton, AR 72031
(501) 745-4044
eddie@medwardmorgan.com
**Attorney for Plaintiff**

By: s/ Julie DeWoody Greathouse
Julie DeWoody Greathouse, Bar No. 99159
julie@ppgmrlaw.com
Kimberly D. Logue, Bar No. 2009242
kim@ppgmrlaw.com
PPGMR, PLLC
P.O. Box 251618
Little Rock, AR 72225
**Attorneys for Defendant BHP Billiton Petroleum (Fayetteville) LLC**

By: s/ Christopher J. Heller
Christopher J. Heller
Friday, Eldredge & Clark, LLP – Little Rock
400 West Capitol Ave.
Regions Center, Ste. 2000
Little Rock, AR 72201-3522
(501) 370-1506
heller@fridayfirm.com

Rob F. Robertson, OBA No. 12455
Gregory T. Metcalfe, OBA No. 19526
GableGotwals
One Leadership Square, Suite 1500
211 North Robinson Ave.
Oklahoma City, OK 73102-7101
(405) 235-5500
rrobertson@gablelaw.com
gmetcalfe@gablelaw.com

**Attorneys for Defendant BP America Production Company**

## **NON-DISCLOSURE AGREEMENT**

I certify that I have read the Agreed Protective Order (the "Order") in this action, Case No. 4:17-cv-379-DPM, and that I fully understand the terms of the Order. I recognize that I am bound by the terms of the Order, and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the United States District Court for the Eastern District of Arkansas for any proceedings involving the enforcement of the Order.

EXECUTED this _____ day of _____, 201__.

_____
Signature

_____
Name

_____
Affiliation

_____
Business Address